# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HERBERT JOHNSON, as personal representative of the estate of Herbert Johnson III,**

      **Plaintiff,**

v.                                 Case No: 6:18-cv-608-Orl-28KRS

**EAST COAST WAFFLES, d/b/a Waffle House,**

      **Defendant.**

## ORDER

This case is before the Court on review of the Complaint (Doc. 1).

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Plaintiff Herbert Johnson, as personal representative of the estate of Herbert Johnson III, invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332. But Plaintiff has not alleged facts establishing diversity of citizenship, and thus this Court cannot determine whether it has subject-matter jurisdiction over this case.

Section 1332(a)(1) grants federal courts jurisdiction over "citizens of different States." "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). And "[c]itizenship,

not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). In the Complaint, Plaintiff alleges that the decedent "was a resident of Broward County, Florida," (Doc. 1 ¶ 3), but this allegation of residence is to establish the citizenship of the decedent or, derivatively, the citizenship of Plaintiff.

Plaintiff's allegations of Defendant's citizenship are not sufficient either. For the purposes of § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In the Complaint, Plaintiff alleges merely that "Defendant is a Foreign Georgia Profit Corporation, licensed to and doing business in the state of Florida." (Doc. 1 ¶ 6).

Accordingly, it is **ORDERED** as follows:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.
2. **On or before April 30, 2018,** Plaintiff may file an amended complaint that properly establishes the grounds for the Court's exercise of subject-matter jurisdiction.
3. Absent timely compliance with the requirements of this Order, this action will be closed without further notice.

**DONE** and **ORDERED** in Orlando, Florida, on April 20, 2018.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record