UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HERBERT JOHNSON,

        Plaintiff,

v.                                                    Case No:   6:18-cv-608-JA-LHP

EAST COAST WAFFLES,

        Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR LEAVE TO FILE UNDER SEAL (Doc. No. 121)
>
> **FILED:** September 29, 2023
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendant moves to file under seal a CD containing closed camera television ("CCTV") footage of the incident at center of this litigation, as well as proprietary viewer software necessary for viewing the CCTV footage and instructions for installing said software.  Doc. No. 121.  Defendant argues filing and sealing this

software and CCTV footage is necessary both because the footage "is the subject matter of this lawsuit" and because Florida state law requires Defendant to take protective measures to prevent the disclosure of trade secrets like the operation of its proprietary viewing software.  *Id.*, at 1–4.  *See* Fla. Stat. § 688.002(4).  Plaintiff does not oppose.  *Id.*, at 5.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11.  The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right of access to inspect and copy judicial records.  *See, e.g.*, *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985).  Relevant here, "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right[.]"  *Chicago Trib.*, 263 F.3d at 1312.  "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential.  Whether good cause exists is decided by the nature

and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).[1]

Here, because the exhibits Defendant wishes to file under seal are associated with summary judgment briefing—pretrial motions requiring judicial resolution on the merits—the common law right of access applies. Defendant argues that the CCTV footage and related software must be filed under seal in order to avoid substantial injury to Defendant because the footage, when viewed with the proprietary viewer software and instructions, reveals the placement and location of all security cameras at the subject restaurant, which potentially creates a security risk. Doc. No. 121, at 4. Defendant also cites to Fla. Stat. § 688.002(4), which Defendant contends requires Defendant to take affirmative steps to protect its proprietary viewer software and instructions, otherwise Defendant risks losing its trade secret designation. *Id.*

---

[1] Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records. *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

Upon review of the Motion, Local Rule 1.11, and the Eleventh Circuit's standard for sealing, and in light of the lack of objection on behalf of Plaintiff, the Court finds good cause to permit the software and CCTV footage to be filed under seal. Accordingly, it is **ORDERED** as follows:

1. Defendant's Unopposed Motion to Seal (Doc. No. 121) is **GRANTED**.

2. On or before **October 18, 2023**, Defendant shall file with the Clerk of Court under seal the exhibits addressed in the motion.

3. Upon review of the documents, the Court may require that some or all of the information filed under seal be filed in the public record, if it determines that the exhibits are not properly subject to sealing. Otherwise, this seal shall not extend beyond **ninety (90) days** after the case is closed and all appeals exhausted. *See* Local Rule 1.11(f)

**DONE** and **ORDERED** in Orlando, Florida on October 11, 2023.

*[Signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties